[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15173
Non-Argument Calendar

_____

D. C. Docket No. 06-00039-CR-T-30MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON ERWIN,
a.k.a. Brandon Irwin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Erwin appeals his conviction for distribution of cocaine and methadone, the use of which caused the death of Andrew Culver, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). During the government's rebuttal argument, the government responded to issues Erwin's counsel raised in his closing argument on three separate occasions as "smoke screens." On the third occasion, the government stated "[i]t's another smoke screen. It's an attempt to cover things up." The government then played a tape of Erwin talking with a confidential informant about his then attorney, who was not his trial attorney, in which Erwin said "[s]he's there to protect me. She needs to know what I'm doing to know how to cover it up." The government then stated "[t]hat's how Mr. Erwin construes his legal strategy."

On appeal, Erwin argues that but for this prosecutorial misconduct, he would not have been convicted of distributing drugs that resulted in Andrew Culver's death. Specifically, Erwin argues the government's "smoke screen" arguments and use of the tape of Erwin speaking of his attorney prejudicially affected his substantial rights by depriving him of a fair trial because the prosecutor's comments distracted the jury from the evidentiary holes in the government's case. Erwin argues that because he presented evidence raising a reasonable doubt of his guilt, this prosecutorial distraction tipped the balance to the prosecutor's side.

We review a district court's refusal to grant a mistrial for an abuse of discretion. See United States v. Knowles, 66 F.3d 1146, 1163 (11th Cir. 1995). We review a prosecutorial misconduct claim de novo. United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006). We give considerable weight to the district court's assessment of the prejudicial effect of the prosecutor's remarks and conduct. United States v. Cordoba-Mosquera, 212 F.3d 1194, 1198 (11th Cir. 2000).

A new trial is required for prosecutorial misconduct if we find that (1) a prosecutor's remarks during closing argument were improper, and (2) they prejudiced the defendant's substantial rights. United States v. Hernandez, 145 F.3d 1433, 1438 (11th Cir. 1998). "Reversal on the basis of prosecutorial misconduct requires that the misconduct be so pronounced and persistent that it permeates the entire atmosphere of the trial." United States v. McLain, 823 F.2d 1457, 1462 (11th Cir. 1987) (holding that prosecutor's misconduct in disparaging defense counsel was not a sufficient basis for reversing, though concluding that reversal was warranted in light of the cumulative effect of all errors by the prosecution and judge in the case), overruled on other grounds as recognized by United States v. Watson, 866 F.2d 381, 385 n.3 (11th Cir. 1989).

To assess the prejudicial effect of the prosecutor's comments, we "evaluate

3

them in the context of the trial as a whole and assess their probable impact on the jury." Hernandez, 145 F.3d at 1438. "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." Eckhardt, 466 F.3d at 947. "When the record contains sufficient independent evidence of guilt, any error is harmless." Id.

Here, Erwin has challenged the government's statement that the defense counsel was using "smoke screens" to "cover things up," and Erwin has challenged the government's use of the tape recording of Erwin stating that his then attorney, who was not his attorney at trial, would cover things up. The statement by the government that Erwin's counsel was using "smoke screens" may have been a valid response to Erwin's closing argument. See United States v. Strmel, 744 F.2d 1086, 1090 (5th Cir. 1984) (holding prosecutor's statement that defense's tactic at trial was to "blow enough smoke" to "cloud the issues enough" was a proper response to the defense's closing arguments). However, we assume arguendo that there was improper argument – i.e., the statement that Erwin was attempting to "cover things up" by pointing out the absence of fingerprint evidence, in conjunction with playing the tape of Erwin wherein Erwin had said that his previous counsel "needs to know what I'm doing to know how to cover it up" and

4

the government's statement that "[t]hat's how Mr. Erwin construes his legal strategy." While a prosecutor "may strike hard blows, he is not at liberty to strike foul ones." Berger v. United States, 295 U.S. 78, 88, 55 S. Ct. 629, 633 (1935).

However, a prosecutor's misconduct must be both improper and prejudicial, and Erwin has not shown that the "smoke screen" comments or the use of the tape recording prejudiced his substantial rights. Hernandez, 145 F.3d at 1438. First, while the district court did not instruct the jury to disregard the incident, it did give the general instruction that the jury should not consider as evidence anything said by the attorneys and should only consider Erwin's guilt on the evidence presented. We have previously held that such an instruction may rectify improper prosecutorial statements. United States v. Jacoby, 955 F.2d 1527, 1541 (11th Cir. 1992); see also United States v. Barshov, 733 F.2d 842, 847 (11th Cir. 1984). Second, the district judge (who was present in person and who saw and heard the entire argument) disagreed with Erwin's interpretation of the argument. The district court perceived the prosecutor as arguing that Erwin was attempting to cover up his crime, not as accusing Erwin's counsel of unethical conduct.[1] Third, the use of the tape was an isolated incident in the government's rebuttal argument,

_____

[1] Indeed, although the tape itself appears to have Erwin telling the confidential informant that Erwin's then counsel (not his trial counsel) was engaging in cover-up, the transcript of the prosecutor's closing – in particular the transcript's report of the tape that was played to the jury during that closing was garbled. Thus, its prejudicial impact was lessened.

Erwin objected to it, and the district court sustained the objection. Giving considerable weight to the district court's assessment of the government's remarks and use of the Erwin tape, Cordoba-Mosquera, 212 F.3d at 1198, the government's misconduct did not "permeate" the entire trial so as to deprive Erwin of a fair trial. McLain, 823 F.2d at 1462.

Finally, the government presented clear and very strong evidence that Erwin provided cocaine and methadone to Culver on the night he died, and that cocaine and methadone caused Culver's death. Erwin cannot show a reasonable probability that, but for the government's improper comments during closing argument, the outcome of the trial would have been different. Eckhardt, 466 F.3d at 947. Therefore, any error would be harmless. Id. Accordingly, we affirm Erwin's conviction.[2]

AFFIRMED.

---

[2] Appellant's request for oral argument is DENIED.